IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| WAYNE BRINKLEY, Plaintiff,<br>v.<br>AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; RAILROAD FRICTION PRODUCTS CORPORATION; TRANE US, INC., f/k/a AMERICAN STANDARD, INC., and WESTINGHOUSE AIR BRAKE COMPANY, Defendants. | CIVIL ACTION NO.<br>2:11cv9778<br><br>ASBESTOS CASE |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

This Document Relates To:
WAYNE BRINKLEY v. American Standard, Inc., et al.

CIVIL ACTION NO.
MDL 875

FILED AUG 15 2011
CLERK. US DISTRICT COURT
NORFOLK, VA

**COMPLAINT**

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:
1. Plaintiff is a resident of the state of Texas; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than Texas. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).
2. Plaintiff ("Plaintiff-worker") is: Wayne Brinkley
   Address: Ft. Worth, Texas
   Plaintiff's Spouse is: Gracie Brinkley
   Address: Same as above
   Social Security no.: XXX-XX-8765
   Date of Birth: XX/XX/1936
   Date of Birth: XX/XX/1940
3. Defendants are those companies listed in the caption.
4. Plaintiff-worker's asbestos employment history including, to the extent possible at this time, the asbestos products to which Plaintiff-worker was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra*.
5. Plaintiff-worker was caused to contract asbestos related diseases, including but not limited to asbestosis.
6. Schedule 1 as required by CA # MDL 875
   A. Employer/Worksite, Trade, Approx. dates:
      Union Pacific Railroad Company, mail handler and carman, Ft. Worth, TX, 1955 to 1999
   B. Smoking history: Smoked 2f El Producto Fino cigars per day from approximately 1960 to 2010.
   C. Asbestos containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation.
   D. Dependants: Gracie Brinkley
7. Plaintiff-worker adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986: Counts I, II, III, IV and X. Further, Plaintiff alleges as follows:
**COUNT I**   8. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.
9. At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Plaintiff-worker was not fully aware of this.
10. At all times material hereto, Defendants knew, or had reason to know or should have known, that Plaintiff-worker would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Plaintiff-worker by exercising reasonable care to prevent such exposure; (b) Failed to warn Plaintiff-worker of the risks of such exposure; (c) Failed to advise Plaintiff-worker to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Plaintiff-worker to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq*; and (l) Failed to advise Plaintiff-worker to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.
**COUNT II**   11. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.
12. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose: (a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Plaintiff-worker's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Plaintiff-worker, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Plaintiff-worker, and others similarly employed, as users or consumers, and throughout many years of the Plaintiff-worker's exposure to

and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Plaintiff-worker in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

COUNT III   14.   Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

15. Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16. Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously: (a) Concealed this information from persons such as Plaintiff-worker who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Plaintiff-worker; (k) Participated in the fraudulent scheme described above to keep persons such as Plaintiff-worker in ignorance of their rights and, in fact, this fraudulent scheme did keep Plaintiff-worker in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Plaintiff-worker to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17. Plaintiff-worker, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Plaintiff-worker, the particulars of which will be set forth below.

COUNT IV   18. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Plaintiff-worker was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff-worker pain, suffering and mental anguish and will inevitably cause his death. Aside from the diseases and injuries of which Plaintiff-worker is presently afflicted, Plaintiff-worker has become a likely candidate for progressive future disease and future cancer, some or all of which may be permanent and/or fatal.

20. Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendants' asbestos products did not occur or exist two years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of Defendants, Plaintiff-worker: (a) Has been obliged to spend various sums of money to treat his disease and will be obliged to continue to do so in the future; (b) Has and will sustain a loss of earnings and earning capacity; (c) Has had his enjoyment of life severely impaired and his life expectancy tremendously shortened; and (d) Has been caused to suffer great psychic trauma including, but not limited to, cancer phobia.

22. Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described. For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of their asbestos products. Defendants intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker. Plaintiff-worker remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

23. The amount for lost wages of Plaintiff-worker will be provided.

24. Plaintiff-worker has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

25. Plaintiff-worker demands trial by jury.

WHEREFORE, Plaintiff-worker prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092
Kip A. Harbison, Esq. - VA Bar No. 38648
Marc C. Greco, Esq. - VA Bar No. 41496
Karen M. Zello, Esq. – VA Bar No. 66783
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, Virginia 23510-2212
(757) 625-6787

Of Counsel:
Willard J. Moody, Jr., Esq. – VA Bar No. 22866
THE MOODY LAW FIRM, INC.

GLASSER AND GLASSER, P.L.C.

By: _____
        Counsel